JOURNAL ENTRY and OPINION
{¶ 1} Mike Weikle appeals from the Cuyahoga County Court of Common Pleas' entry of summary judgment against him and in favor of appellee First Bankcard Center (Bankcard). Weikle assigns the following as error for our review:
 {¶ 2} "In its Order of December 12, 2001, the trial court committed reversible error in holding the Defendant/Appellant Mike Weikle ("Weikle") liable for credit card charges claimed in this action by the Plaintiff/Appellee First Bankcard Center ("Bankcard") but vigorously denied by Weikle as not being authorized solely on the basis of an order entered on July 24, 2000 in Weikle's divorce action. (See Plaintiff's Motion for Summary Judgment at Exhibit D.) The issue of whether or not Weikle authorized the claimed charges was never litigated in the Weikle divorce action (See Defendant's Response To Plaintiff's Motion For Summary Judgment at Exhibit A — Affidavit of Mike (sic: D.) Weikle). Thus, the trial court's reliance on the divorce order to collaterally estop Weikle from denying the unauthorized charges was improper."
 {¶ 3} Having reviewed the record and pertinent law, we reverse and remand this matter to the trial court for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 4} Bankcard initially filed this action in the Rocky River Municipal Court claiming nonpayment of Weikle's credit account balance of $2,453.75 plus interest. Both parties then agreed to remove the matter to the Lyndhurst Municipal Court where Weikle acknowledged the account balance exists, but denied liability because, he argues, the charges were made by his wife and/or children without his authorization.
 {¶ 5} Weikle counterclaimed against Bankcard based on conduct stemming from its attempt to collect on his credit account. Due to the amount of Weikle's counterclaim, the matter was removed to the Cuyahoga County Court of Common Pleas pursuant to R.C. 1901.17 and Civ.R. 13(J).
 {¶ 6} On December 13, 2001, the trial court granted Bankcard's motion for summary judgment, finding no issue of material fact exists as to whether Weikle is liable under the terms of his Bankcard account. The court concurrently dismissed Weikle's counterclaim. In its final order, the trial court noted Weikle's July 25, 2000 divorce decree obligated him to pay all debts held in his name, including his Bankcard account. This appeal followed.
 {¶ 7} In his sole assigned error, Weikle challenges the trial court's grant of summary judgment in favor of Bankcard on grounds the trial court erroneously based its conclusion solely on his divorce decree. Although we disagree that the trial court granted summary judgment based solely on Weikle's divorce decree, we agree that the trial court erred by granting summary judgment.
 {¶ 8} We consider an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party.[3]
 {¶ 9} Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 10} In its motion for summary judgment, Bankcard set forth facts demonstrating Weikle held a Bankcard account in his name, Weikle's account accrued charges in the amount of $3,098.11 plus interest which remain unpaid, the charges were made by Weikle's wife and daughter, and Weikle signed a contract with Bankcard when he opened his account whereby Bankcard may, at its discretion, hold Weikle liable for any charges to his account made by a member of his immediate family.
 {¶ 11} Bankcard attached an affidavit of Joseph Guenther, a custodian of Bankcard's records, stating the account's balance and that Weikle signed a contract for credit with Bankcard containing the following clause:
 {¶ 12} "CHARGES BY OTHERS: You are responsible for all charges made by anyone you allow to use your account, even if they charge more than you intended. If you ask us to issue a card to someone, you are responsible for their charges until you return their card to us. We may consider charges made by your immediate family as authorized by you and your responsibility. If unauthorized use of your account occurs, you agree to cooperate with us and law enforcement authorities in identifying the unauthorized user. You are each jointly and severally liable for all amounts due on this account regardless of which of you uses it or benefits from that use."[6]
 {¶ 13} In setting forth these facts, Bankcard satisfied its summary judgment burden of demonstrating no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Accordingly, summary judgment in favor of Bankcard is appropriate unless Weikle met his reciprocal burden.
 {¶ 14} Weikle acknowledged he held the Bankcard account, his wife and/or adult children charged the balance due, and he signed the contract permitting Bankcard to hold him responsible for charges of immediate family members. The only genuine issue Weikle disputes is whether his wife and children are "immediate family" for purpose of the Bankcard credit agreement.
 {¶ 15} Weikle's wife and/or children charged Weikle's account while they lived separately from Weikle and before Weikle and his wife divorced. No question exists as to whether the charges were made by Weikle's family; however, the question of whether the family is "immediate" as required under the terms of the Bankcard account cannot be determined under these facts. The Bankcard credit agreement signed by Weikle does not define "immediate family," and these parties dispute its meaning. Whether "immediate family" encompasses a wife and/or adult child living separately from the account holder is a question of fact for the trial court to resolve.
 {¶ 16} Weikle met his summary judgment burden of demonstrating a genuine issue of material fact exists. Accordingly, the trial court erred in granting Bankcard's motion for summary judgment, and Weikle's assigned error has merit.
 {¶ 17} Judgment reversed and cause remanded to the trial court for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt.Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id., citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
[5] Id. at 293.
[6] Emphasis added.